**SEQUOIA PROPERTY and Equipment Limited Partnership, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. CV–F–97–5044–LJO.

United States District Court, E.D. California.

Feb. 22, 2001.

John William Phillips, Wild Carter and Tipton, Fresno, CA, Benjamin P. Ramos, Law Office of Benjamin P. Ramos, Folsom, CA, for plaintiff.

G. Patrick Jennings, United States Department of Justice, Tax Division, Washington, DC, for defendant.

Wanda Jean Crisp, Visalia, CA, pro se.

G. Mark Crisp, Visalia, CA, pro se.

Rhonda Crisp, Visalia, CA, pro se.

*ORDER ON CRISPS' MOTIONS TO COMPEL DOCUMENT PRODUCTION AND FOR DISCOVERY SANCTIONS AND GOVERNMENT'S MOTION FOR PROTECTIVE ORDER*

O'NEILL, United States Magistrate Judge.

### INTRODUCTION

In this consolidated action involving quiet title, tax assessment, fraudulent conveyance and tax lien foreclosure claims, Gilbert Mark Crisp and Rhonda Crisp (the "Crisps") seek document production from and discovery sanctions against the United States of America ("Government"). The Government seeks a protective order to preclude the second deposition of Revenue Agent Janet Appleton ("Agent Appleton") and depositions of her supervisors. Pursuant to 28 U.S.C. § 636(c) and F.R.Civ.P. 73, the parties consented to proceed before a United States Magistrate Judge, and by a December 16, 1999 order, this action was assigned to United States Magistrate Judge Lawrence J. O'Neill for all further proceedings. After review of the parties' papers, this Court considered the Crisps' motions to compel and to impose sanctions and the Government's motion for a protective order on the record and without the February 23, 2001 hearing or oral argument, pursuant to this Court's Local Rule 78–230(h).

For the reasons discussed below, this Court:

1.  DENIES the Crisps' motion to compel document production and motion to impose sanctions; and
2.  GRANTS the Government's motion for protective order.

### BACKGROUND

The Crisps' Document Request No. 7 ("Request No. 7"), Set No. 2, sought from the Government documents and tangible things "beyond that produced to date" and which support the Government's claims that the Crisps received unreported income. The Crisps' Document Request No. 9 ("Request No. 9"), Set No. 2, sought from the Government brochures and pamphlets given to tax-

payers at the time of the Crisps' audits and regarding taxpayer rights. In fall 1999, the Crisps pursued motions to compel as to Request Nos. 7 and 9.

This Court issued its September 3, 1999 order ("September 3 order") to deny the Crisps's motion to compel as to Request No. 7 "on grounds it appears the Government has produced responsive documents in its possession custody and control, save those it misplaced." The September 3 order required the Government's counsel "to submit, within 30 days ... his declaration under penalty of perjury that the Government has produced all documents responsive to [Request No. 7], which the Government has currently located and will produce further responsive documents the Government misplaced as soon as possible."

The September 3 order granted in part the Crisps' motion to compel as to Request No. 9 to require the Government to produce within 30 days "only those pamphlets and brochures, if any, which: (1) were given to taxpayers; (2) address taxpayer rights; (3) were in effect at the time of the audits of Crisp Construction Company, Inc. and Gilbert Mark Crisp and Rhonda Crisp; and (4) address audits such as those of Crisp Construction Company, Inc. and Gilbert Mark Crisp and Rhonda Crisp."

The September 3 order also denied the Crisps' motion to compel disclosure of the identity of Agent Appleton's supervisors. Agent Appleton conducted the underlying audits of the Crisps and Crisp Construction Company, Inc. to lead to this litigation. The request for the identity of the supervisors and similar requests were denied on grounds the Crisps had not demonstrated need for the information outweighed Agent Appleton's privacy rights.

On November 5, 1999, the Government served the Crisps by mail with its second supplemental response to indicate it produced copies of Revenue Agent's December 7 and 8, 1992 letters to taxpayers and IRS publications "Privacy Act and Paperwork Reduction Act Notice," "Extending the Tax Assessment Period," "Appeal Rights and Preparation of Protests for Unagreed Cases," and "Your Rights as a Taxpayer." In the supple-

mental response, the Government's counsel declared under penalty of perjury that he had searched for, and directed Government personnel to search for, and produced all documents responsive to Request No. 7 which have been currently located and will produce further responsive documents, if any are located, within two days of their discovery.

Thereafter, the Crisps sought sanctions against the Government for what the Crisps characterized as the Government's failure to produce the documents pursuant to the September 3 order. This Court issued its December 3, 1999 order ("December 3 order") to require the Government to pay the Crisps a $250 sanction and to serve no later than December 17, 1999 signatures by an appropriate Government representative to the Government's supplemental discovery responses. The December 3 order imposed on the Government an additional sanction to the Crisps of $50 per day for each day the signatures were late.

In response to the December 5 order, the Government provided December 10, 1999 supplemental discovery responses which noted as to the requested pamphlets and brochures:

> The Court directed the United States to produce any publications that (1) were given to taxpayers, (2) address taxpayer rights, (3) were in effect at the time of the audits, and (4) address audits of the type in question. The United States has searched diligently for such documents, which were not retained with the administrative file in the normal course of IRS procedures. The trial attorney has searched the administrative file and directed the IRS district counsel and the Revenue Agent to search for responsive documents. The librarian of the IRS Chief Counsel's office in Washington, D.C. has been contacted. The United States has been unable to locate the publications served on the taxpayers. The United States may be able to locate an archive of obsolete material that may contain the type of publications available to taxpayers during 1991 through 1995. The United States is unable at this time to locate any

documents responsive to the request. The United States will continue to search for documents of the type requested and will produce copies of such documents if they are located.

On January 12, 2000, Gilbert Mark Crisp deposed Agent Appleton from 9:10 a.m. to 3 p.m.

On January 18, 2000, the parties stipulated to stay these consolidated actions pending global settlement discussions, and the May 22, 2000 trial and other dates were taken off calendar. After the parties were unable to reach global settlement, this Court conducted further status/scheduling conferences and issued a November 27, 2000 Scheduling Order to set a March 1, 2001 trial and deadlines. The Scheduling Order provides "all nonexpert and expert discovery and discovery motions (including motions to compel) **shall be completed or heard no later than February 2, 2001.**" (Emphasis added.)

On January 23, 2001, the Government filed its notice to revoke Agent Appleton as an expert witness. The Government claims the Crisps have noticed the deposition of unnamed supervisors.

The Crisps filed their motions to compel and for sanctions on January 26, 2001 and set a February 23, 2001 hearing.

## THE CRISPS' MOTIONS TO COMPEL AND FOR SANCTIONS

In regards to Request No. 7, the Crisps claim they have not been provided an unredacted Revenue Agent's report. The Crisps request the Court to compel the Government to produce the unredacted report because they have provided authorizations from Crisp family members to release the unredacted report and to address the Government's privacy concerns. The Crisps also seek production of the floppy disc with all information Agent Appleton used and compiled to write the report. The Crisps contend they have not been provided the requested pamphlets and brochures regarding taxpayer rights. The Crisps request a $50 sanction per day for the Government's failure to produce the taxpayer rights pamphlets and brochures.

The Government argues the Crisps' motion is untimely pursuant to the February 2, 2001 deadline for a hearing on discovery motions set in the Scheduling Order. The Government claims it complied with discovery orders and there is no basis to impose sanctions. The Government notes on November 5, 1999, it served the Crisps by mail with obsolete pamphlets and brochures which may have been provided to the Crisps during their audits. The Government argues the Crisps waived their discovery claims and fail to show good cause to hear their motions because they withheld their complaints without explanation for more than a year.

### Discussion

Pursuant to F.R.Civ.P. 16(a), district courts must enter pretrial scheduling orders to establish deadlines for, among other things, "to file motions" and "to complete discovery." "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." F.R.Civ.P. 16(b). The scheduling order "shall control the subsequent course of the action" unless modified by the court. F.R.Civ.P. 16(e).

A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (9th Cir.1992). In *Johnson,* 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

... Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) ... Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.... [T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.

Here, the Crisps missed the February 2, 2001 deadline (set in the Scheduling

Order) to pursue discovery relief and inexplicably delayed more than a year to seek relief. The Crisps have neither requested modification of the Scheduling Order nor shown good cause to entertain their untimely motion. They fail to attempt do show their diligence in seeking their requested relief.

Moreover, the Government has demonstrated it complied with the September 3 and December 3 orders by providing the Crisps the taxpayer rights pamphlets and brochures. The Government's compliance is bolstered by the fact the Crisps delayed to pursue their motions. The Crisps' delay suggests they misplaced the pamphlets and brochures. The Crisps offer no credible grounds to order the Government to produce the pamphlets and brochures or to impose sanctions, especially given the Crisps' untimeliness.

■ The Crisps also ask the Court to order the Government to produce the Revenue Agent's unredacted report and floppy disc. It appears the Crisps made a half-hearted attempt to comply with this Court's Local Rule 37–251 and its meet and confer requirements. Although Gilbert Mark Crisp declares he made several requests for the unredacted report and computer disc, he fails to demonstrate meaningful attempts at meeting and conferring to address the discovery dispute. The Crisps filed their motion and moving papers without apparent attempt to secure a joint statement re discovery disagreement pursuant to Local Rule 37–251(c). Their initial filing of the motion and supporting papers negates even an appearance of good faith meeting and conferring. The Crisps did not raise the issue of meeting and conferring until their reply papers. The Crisps are not to be rewarded for their attempts to circumvent proper discovery dispute practices.

## THE GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

The Government contends Agent Appleton has been deposed and there is no stipulation for her second deposition. The Government further contends depositions of unidentified supervisors should be barred because this Court has ruled Agent Appleton's privacy outweighs need to disclose the identity of her supervisors. The Crisps filed no papers to oppose the Government's motion.

## Discussion

F.R.Civ.P. 30(a)(2)(B) provides a "party must obtain leave of court . . . if, without the written stipulation of the parties . . . the person to be examined already has been deposed in the case." F.R.Civ.P. 30(d)(2) provides: "Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours."

Under F.R.Civ.P. 26(c), this Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including:

1. Prohibiting disclosure or discovery;

2. Conditioning disclosure or discovery on specified terms;

3. Permitting discovery be had by a method other than selected by the party seeking discovery; or

4. Limiting the scope of disclosure or discovery to certain matters.

■ To obtain a protective order, the party resisting discovery or seeking limitations must show "good cause" for its issuance. F.R.Civ.P. 26(c); *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir.1994). Generally, a party seeking a protective order has a "heavy burden" to show why discovery should be denied and a strong showing is required before a party will be denied the right to take a deposition. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975).

Here, the discovery deadline expired on February 2, 2001. The Crisps do not oppose the Government's motion and apparently do not meaningfully pursue further depositions. No grounds are apparent for a second deposition of Agent Appleton or for depositions of her supervisors. Moreover, this Court made a prior determination that Agent Appleton's privacy rights outweighed the compulsion to identify of Agent Appleton's supervisors. In light of the Crisps' apparent waiver of further depositions, there is no need to address

whether good cause exists for a protective order.

### ORDER

For the reasons discussed above, this Court:

1. DENIES the Crisps' motion to compel document production and motion to impose sanctions; and

2. GRANTS the Government's motion for protective order to preclude a second deposition of Agent Appleton and depositions of her supervisors.

IT IS SO ORDERED.